**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Bank of Arizona, | No. CV10-1118-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Shannon R. Munn, | |
| Defendant. | |

Pending before the Court is Plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment (Doc. 19) and Plaintiff's Application in Support of an Award of Attorneys' Fees, Taxable Costs and Related Expenses (Doc. 20).

**I.   Background**

This action arises out of a Home Equity Credit Line Agreement between Plaintiff National Bank of Arizona and Defendant Shannon Munn. After Defendant failed to repay the money borrowed from Plaintiff, Plaintiff filed a complaint for breach of contract in Maricopa County Superior Court in October 2008. Plaintiff voluntarily dismissed that state court action because Defendant could not be located for service of process. Plaintiff filed its complaint in this Court on May 24, 2010 (Doc. 1), and Defendant was served with process on June 21, 2010 (Doc. 10). Defendant has failed to appear or otherwise defend this action and the Clerk of the Court has entered Defendant's default pursuant to Rule 55(a). (Doc. 17.)

Plaintiff's previous application for entry of default judgment (Doc. 13) was denied without prejudice in this Court's October 19, 2010 order.  (Doc. 18.)

**II.     Motion for Entry of Default Judgment**

After entry of default by the Clerk of the Court pursuant to Rule 55(a), the Court has discretion to enter default judgment.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  The Court considers several factors in deciding whether to grant default judgment, including: 1) the possibility of prejudice to the plaintiff; 2) the merits of plaintiff's substantive claim; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) the possibility of a dispute concerning material facts; 6) whether default was due to excusable neglect; and 7) the policy favoring a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986).

Plaintiff seeks a default judgment award of $75,348.88:  $70,630.99 as the principal amount due on the loan on May 12, 2008; an appraisal and title search fee of $550.00; attorney's fees of $3,867.00; and a $301.00 filing fee for the prior lawsuit against Defendant in Maricopa County Superior Court. Having reviewed Plaintiff's motion and supporting memorandum (Doc. 19), which addresses each of the *Eitel* factors, and having reviewed the well-pled factual allegations of the complaint and the record as a whole, the Court concludes that default judgment in the amount requested, $75,348.88, is appropriate.  Accordingly, Plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment (Doc. 19) will be granted.

**III.    Motion for Attorney's Fees**

Plaintiff has requested in a separate motion an award of attorney's fees in the amount of $3,867.00 and costs in the amount of $709.00. (Doc. 20.)  Where a contract provides for an award of fees to the prevailing party, Arizona law requires the Court to honor that provision and award fees as stipulated in the agreement.  *See McDowell Mountain Ranch Comm. Assoc. v. Simons,* 216 Ariz. 266, 269, 165 P.3d 667, 670 (Ariz. App. Ct. 2007) (noting that it is "well-settled in Arizona that '[c]ontracts for payment of attorneys' fees are enforced in accordance with the terms of the contract'" (citations omitted)); *see also Dorn*

1  *v. Robinson,* 158 Ariz. 279, 287, 762 P.2d 566, 574 (Ariz. App. Ct. 1988) (awarding
2  prevailing party attorneys' fees where they were provided for by contract).  Here, the Home
3  Equity Credit Line Agreement signed by Defendant provides that she will pay for costs
4  expended by Plaintiff in collecting under the agreement, including attorneys' fees. (Doc. 1-
5  1.) Accordingly, Plaintiff is entitled to its attorney's fees and costs.  Further, the Court finds
6  the amount of fees requested by Plaintiff to be reasonable.  However, as Plaintiff has already
7  requested, and will recover, its attorney's fees and the filing fee for the state court action as
8  part of the default judgment award, it would be duplicative to also grant Plaintiff's separate
9  motion requesting its attorney's fees and the state court filing fee cost.  Similarly, the other
10 costs requested in Plaintiff's motion for attorney's fees and costs are already claimed in
11 Plaintiff's Statement of Costs (Doc. 16) submitted to the Clerk of the Court.  Because the
12 total amount of fees and costs requested in this motion are already otherwise recovered by
13 Plaintiff, Plaintiff's Application in Support of an Award of Attorneys' Fees, Taxable Costs
14 and Related Expenses (Doc. 20) will be denied as unnecessary.

15  IT IS THEREFORE ORDERED that  Plaintiff's Rule 55(b)(2) Motion for Entry of
16 Default Judgment (Doc. 19) is granted.

17  IT IS FURTHER ORDERED that default judgment is entered in favor of Plaintiff and
18 against Defendant Shannon Munn in the amount of $75,348.88, plus interest on the principal
19 sum of $70,630.88 at the default interest rate of 7.25% per annum from May 12, 2008 until
20 paid, plus interest on the $3,867.00 in attorneys' fees at the federal interest rate pursuant to
21 28 U.S.C. § 1961 from the date of judgment until paid.

22  IT IS FURTHER ORDERED that Plaintiff's Application in Support of an Award of
23 Attorneys' Fees, Taxable Costs and Related Expenses (Doc. 20) is denied.

24  DATED this 7th day of December, 2010.

James A. Teilborg
United States District Judge